PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:17CR40 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| RICKY D. WILLIAMS, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 26] |

Pending before the Court are Defendant's Motion to Withdraw his Plea of Guilty and Motion to Dismiss Counsel. ECF No. 26. The Government responded. ECF No. 31. During a hearing on July 13, 2017, the Court heard from counsel and Defendant Ricky D. Williams on both Motions. For the following reasons, the Court denies Defendant's Motions.

**I. Background**

On December 1, 2016, an eyewitness saw Defendant in possession of a firearm. ECF No. 25. Defendant was indicted on one count of being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. On March 21, 2017, during a hearing scheduled as a Final Pretrial, the Court conducted a *Missouri v. Frye*, 566 U.S. 133 (2012) conference. Defendant confirmed his denial of any plea offer made due to his uncertainty of his criminal history status. At Defendant's request, a pre-plea Presentence Investigation Report ("PSR") on criminal history only was ordered.

On April 18, 2016, the day after the pre-plea PSR was issued, in response to the Court's request for an update on the *Frye* conference, counsel informed the Court that a plea agreement

(4:17CR40)

was in the process of being reached, but more time was needed to review the agreement with Defendant.  The Court agreed to allow more time for review and discussion, informed Defendant that she may be unable to conduct the plea hearing later in the day, and indicated, without objection, that the matter was referred to Magistrate Judge George J. Limbert, who could take the plea at 3:00 p.m.

After the referral had been consented to, Magistrate Judge Limbert conducted a plea colloquy, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  *See* April 18, 2017, Minutes of Proceedings; ECF No. 19.  During the plea colloquy, Defendant was placed under oath and stated that he entered into the plea agreement voluntarily.  ECF No. 19 at PageID #: 99, 109, 118.  He also confirmed that he was satisfied with his attorney's assistance and representation, *id.* at PageID #: 93, 108, and agreed to the factual basis for the Indictment, *id.* at PageID #: 110–12.  Finally, Defendant admitted to possessing a gun and being guilty of the crime to which he was pleading.  *Id.* at PageID #: 110, 118.  Neither counsel nor Defendant raised issues concerning Defendant's competency, and no party had reason to question Defendant's competency.  *Id.* at PageID #: 92.  No objections were made to the recommendation that Defendant's plea be accepted.

(4:17CR40)

## II. Motion to Withdraw Plea of Guilty

Defendant moves, *pro se*, to withdraw his guilty plea.[1] ECF No. 26 at PageID #: 162–63. "'[T]he withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court.'" *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987), quoting *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978) ( per curiam ). Rule 11(d) permits the withdrawal of pleas of guilty after the court has accepted the plea only if a "defendant can show a fair and just reason for requesting the withdrawal." The rule places the burden on a moving defendant to show a "fair and just reason" why withdrawal of a guilty plea should be allowed. *See, e.g.,* *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.), *cert. denied*, 519 U.S. 973 (1996). "[T]he aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation omitted), *cert. denied*, 502 U.S. 1117 (1992); *see also United States v. Hicks*, 234 F.3d 1270, *6 (6th Cir. 2000) (quoting *Brady v. United States*, 397 U.S. 746, 756 (1970)) ("[A] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case."). Only if the court rejects the

---

[1] It is worth noting that Defendant, in the same writing seeking to withdraw his plea of guilty, sought to dismiss his counsel, challenge the indictment, and suppress evidence. The Court denied as improvident, due to his representation by counsel, all motions save dismissal of counsel and withdrawal of plea. *See* ECF No. 27.

3

(4:17CR40)

agreement will the defendant have the opportunity to withdraw his plea for any reason without the "fair and just reason" requirement. United States v. Hyde, 520 U.S. 670, 676 (1997).

Whether a defendant has shown a fair and just reason is based on an evaluation of the totality of the circumstances, including the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir. 1994). No one factor is controlling. Bazzi, 94 F.3d at 1027. In this matter, the factors weigh against granting Defendant's Motion.

**A. The Amount of Time Between the Guilty Plea and the Motion to Withdraw and Reason for Delay**

The first two *Bashara* factors consider the length of time between a defendant's guilty plea and the motion to withdraw, and, if the time period is lengthy, the defendant's reason for the delay. Bashara, 27 F.3d at 1181. Defendant filed his Motion to Withdraw on June 8, 2017—fifty-one (51) days after entering his guilty plea on April 18, 2017. A court must determine whether a defendant waited a reasonable amount of time between entering his plea and making a motion to withdraw. Although there is no bright-line rule as to what constitutes a "reasonable" length of time, the Sixth Circuit has found a delay as short as thirty-six days to be unreasonable. United States v. Spencer, 836 F.2d 236, 239–40 (6th Cir. 1987); *see also* United States v. Valdez, 362 F.3d 903, 913 (6th Cir. 2004) (finding an unjustified 75-day delay, on its own, was sufficient to support denial of defendant's motion to withdraw); United States v.

(4:17CR40)

Benton, 639 F.3d 723, 727 (6th Cir. 2011) (noting that the Sixth Circuit "has declined to allow plea withdrawal when intervening time periods were as brief as one month."). A defendant can overcome a lengthy delay with a valid reason. *Bashara*, 27 F.3d at 1181.

Compared to Sixth Circuit precedent, Defendant's fifty-one day delay suggests buyer's remorse, rather than "unsure heart and confused mind." Nor does Defendant provide any credible justification for the delay.[2] Accordingly, the Court finds that *Bashara*'s first two factors weigh against permitting the withdrawal of Defendant's guilty plea.

### B. Absence of Claims of Innocence

The third *Bashara* factor asks whether the defendant has asserted or maintained his innocence. *Bashara*, 27 F.3d at 1181. Defendant has not argued that he is innocent and makes no such statement in his Motion.[3] Defendant has, however, stated several times that he is guilty. During his plea colloquy, Defendant stated, under oath, that he was pleading guilty because he was guilty of the offense; agreed with the factual basis presented by the Assistant United States Attorney, which laid out the basis for the elements of a 18 U.S.C. § 922(g) offense; and admitted to having a gun. ECF No. 19 at PageID #: 110–11. This is sufficient to find that the third *Bashara* factor weighs against withdrawal.

---

[2] As discussed below, Defendant's Motion alluded to conflict between himself and his counsel. Defendant has not, however, indicated that his counsel's refusal to file a Motion to Withdraw on his behalf led to his delay. Moreover, the record indicates that Defendant was in communication with his attorney, and defense counsel was willing to file motions on his behalf. *E.g.*, ECF No. 20 (Defendant's Motion for Bond).

[3] At most, Defendant argues that he would not have pled guilty had he reviewed certain video evidence. ECF No. 26 at PageID #: 161.

5

(4:17CR40)

United States v. Catchings, 708 F.3d 710, 719–20 (6th Cir. 2013) (finding that Bashara's third factor weighed against the defendant because he had pleaded guilty, and had not asserted that he was innocent).

### C. Circumstances Underlying the Entry of the Guilty Plea

Bashara's fourth factor considers the circumstances surrounding a defendant's decision to enter a guilty plea. Bashara, 27 F.3d at 1181. Defendant contends that his counsel coerced his plea and withheld evidence in counsel's possession. ECF No. 26 at PageID #: 161–62. These assertions contradict Defendant's statement, made under oath, that his guilty plea was voluntary and not coerced, and that he was satisfied with his defense counsel. ECF No. 19 at PageID #: 99, 108–09, 118. Defendant does not credibly explain why he told one version of the truth under oath and, now, offers another. He says there is "no evidence against defendant." ECF No. 26 at PageID #: 162. Defendant appears to argue that he now better understands the Government's evidence and believes he can successfully challenge it *via* myriad pretrial proceedings and at trial. This second guessing or post mortem is not unusual and certainly not sufficient to persuade that Defendant pled guilty under circumstances justifying withdrawal. Accordingly, the fourth Bashara factor weighs against withdrawal.

### D. Defendant's Nature and Background and Defendant's Prior Experience with the Criminal Justice System

The fifth Bashara factor instructs courts to examine a defendant's background to determine whether the defendant lacks competence to understand and enter into a plea agreement. Bashara, 27 F.3d at 1181. A court should consider a defendant's level of education and history of mental illness. United States v. Martin, 668 F.3d 787, 796 (6th Cir. 2012).

6

(4:17CR40)

Relatedly, the sixth *Bashara* factor considers whether a defendant has prior experience with the criminal justice system, making it more likely that he would understand the consequences of entering into a plea agreement. *Id*.

In this case, Defendant attained his GED and speaks and writes English proficiently. ECF No. 19 at PageID #: 90. Although Defendant suffers from Post-Traumatic Stress Disorder ("PTSD") related to an arson that occurred years ago, there is no indication that his PTSD affected his competency to plead guilty, and neither party had reason to be concerned about Defendant's competency at his plea colloquy. *Id.* at PageID #: 92. Moreover, Defendant has pleaded guilty to three previous offenses in state court, indicating that he understands the mechanics of a plea agreement and the process of making a plea of guilty to the court. ECF No. 25; *Catchings*, 708 F.3d 710, 719 (6th Cir. 2013) (finding the sixth factor weighed against a defendant with a criminal history category of III, the same as Defendant Williams'). Therefore, the fifth and sixth *Bashara* factors weigh against allowing Defendant to withdraw his plea.

### E. Prejudice to the Government

The seventh *Bashara* factor considers potential prejudice to the Government if the motion to withdraw were granted. In proving this case, the Government would rely "primarily on eyewitness testimony regarding Defendant's possession of the firearm at issue." ECF No. 31 at PageID #: 179. This testimony concerns events that occurred on December 1, 2016. Allowing Defendant to withdraw his plea would set the trial back several months from its previously scheduled May 1, 2017 start date. This delay would prejudice the Government because "[w]itnesses might forget certain events and the defense could argue that the time lapse makes

(4:17CR40)

their testimony unreliable." *United States v. Taylor*, 336 F. App'x 478, 482–83 (6th Cir. 2009); *see also United States v. Dalalli*, 651 F. App'x 389, 402–03 (6th Cir. 2016) (finding prejudice when the government had been prepared for trial six months earlier). Despite the Court's belief that at least one of the Government's eyewitnesses is a law enforcement officer and that law enforcement officers are usually better trained than civilians to observe and recall that observed, the Court concedes that the Government's counsel is in the best position to know what might prejudice its presentation of evidence. Therefore, the Court finds that the seventh factor also weighs against permitting Defendant to withdraw his plea of guilty.

### F. Summary

The *Bashara* factors weigh against withdrawal. Moreover the totality of Defendant's interactions with the Court weigh against withdrawal. Accordingly, Defendant's Motion to Withdraw his Plea of Guilty is denied.

### III. Motion to Dismiss Counsel

Because Defendant was declared indigent and charged with a felony offense, CJA counsel was appointed to represent him. February 3, 2017, Minutes of Proceedings (Initial Appearance and Arraignment). Defendant now moves to dismiss counsel, arguing that his attorney failed to investigate information pertaining to his innocence; threatened Defendant and coerced him into pleading guilty; and failed to disclose all facts and evidence. ECF No. 26 at PageID #: 157–62. At the hearing before the undersigned on July 13, 2017, Defendant reported general disagreement between himself and his attorney.

(4:17CR40)

At this hearing, Defendant stated that although he does not want to be represented by his current attorney, he does not want to represent himself *pro se*. Defendant's Motion is, in essence, a motion to substitute counsel. It is well settled that Defendant is not entitled to appointed counsel of his own choosing.[4] The Sixth Amendment's right to counsel encompasses two distinct rights: a right to adequate representation and a right to choose one's own counsel. *Daniels v. Lafler*, 501 F.3d 735, 738 (6th Cir. 2007). The Supreme Court has held, however, that a criminal defendant's right to select an attorney is limited to the circumstance in which the defendant hires and pays for the attorney—not where the defendant requires appointed counsel. *Id.* at 739 (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)); *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). When reviewing a motion to substitute appointed counsel, a court should consider several factors, including the timeliness of the motion, the asserted cause for that complaint, and the extent of the conflict or breakdown in communication between lawyer and client, and the client's own responsibility, if any, for that conflict. *Martel v. Clair*, 565 U.S. 648, 664 (2012); *United States v. Terfa*, 12 F. App'x 308, 310 (6th Cir. 2001).

Defendant has not shown that his appointed attorney's assistance has been inadequate, nor has he demonstrated grounds for substitution of counsel. As indicated above, Defendant's

---

[4] To be clear, Defendant did not name another attorney he would prefer represent him. He made only a general request for new counsel. Apart from the contradicted statements referenced earlier, Defendant's argument was that he and his counsel were not "seeing eye to eye."

9

(4:17CR40)

Motion contains unsubstantiated statements that his counsel threatened him and failed to adequately advise him. When pressed at the July 13, 2017 hearing, Defendant was unable to elaborate in any credible way. Moreover, as described above, during his guilty plea colloquy, Defendant stated, under oath, that he had not been threatened or coerced into accepting the plea agreement and that he had been satisfied with the assistance of his counsel. These sworn statements directly contradict Defendant's allegations in this Motion, and Defendant does not adequately explain why. Furthermore, Defendant has made no showing that substituted counsel would alter the course of his representation. Otherwise put, there is no basis for finding that new counsel would represent Defendant more effectively.

       For the foregoing reasons, Defendant's Motion to Dismiss Counsel is denied.

       IT IS SO ORDERED.

| | |
|---|---|
| July 17, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |